UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC MARTIN,

      Petitioner,

v.

GENE HUNT, et. al.,

      Respondents.

Case No. 4:23-cv-10344
Honorable F. Kay Behm
United States District Court Judge

---

**OPINION AND ORDER SUMMARILY DISMISSING WITHOUT PREJUDICE THE PETITION FOR A WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS***

Eric Martin, ("Petitioner"), residing on 9074 Clippert Street in Taylor, Michigan, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his misdemeanor conviction out of the 19th District Court in Dearborn, Michigan for driving a moped without a license or registration. For the reasons that follow, the petition for a writ of habeas corpus is SUMMARILY DISMISSED WITHOUT PREJUDICE, because petitioner failed to allege or show that he exhausted his claims with the state courts.

## I. BACKGROUND

Petitioner was convicted of the above charge in the Dearborn District Court.

Petitioner seeks habeas relief on the ground that his conviction is precluded by the Supremacy Clause of the Federal Constitution and 18 U.S.C. § 31(6)(10).

## II. DISCUSSION

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). *See Picard v. Connor*, 404 U. S. 270, 275-78 (1971). A petition for a writ of habeas corpus filed by a state prisoner shall not be granted unless the petitioner has exhausted his available state court remedies, there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect the petitioner's rights. *See Turner v. Bagley*, 401 F.3d 718, 724 (6th Cir. 2005). A habeas petitioner who is convicted of a misdemeanor offense in the Michigan courts must exhaust his claims by filing an appeal of right with the circuit court. If the petitioner does not win in the circuit court, he can file an application for leave to appeal to the Michigan Court of Appeals and in the Michigan Supreme Court, in order to exhaust the claims. *See Coklow-El v. Heard*, No. 11-cv-14597, 2011 WL 5509985, *2 (E.D. Mich. Nov. 10, 2011). The Antiterrorism and Effective Death Penalty Act (AEDPA) mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but has failed to do so. *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). The failure to exhaust state court remedies may be raised *sua sponte* by a

federal court.  *See Benoit v. Bock*, 237 F. Supp. 2d 804, 806 (E.D. Mich. 2003); 28 U.S.C. § 2254(b)(3).

A habeas petitioner has the burden of proving that he has exhausted his state court remedies.  *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).  Federal habeas corpus relief is unavailable to a state prisoner who fails to allege that he has exhausted his available state court remedies.  *See Granville v. Hunt*, 411 F.2d 9, 11 (5th Cir. 1969).  The instant petition is subject to dismissal, because petitioner failed to allege or indicate in his petition that he has exhausted his state court remedies. *See Peralta v. Leavitt*, 56 F. App'x 534, 535 (2d Cir. 2003); *see also Fast v. Wead*, 509 F. Supp. 744, 746 (N.D. Ohio 1981).

Petitioner has state court remedies with which he could appeal his misdemeanor conviction out of the 19th District Court.  Petitioner failed to show that it would be futile to exhaust his state court remedies.  He is not excused from exhausting his state court remedies.

### III.  CERTIFICATE OF APPEALABILITY

Before petitioner may appeal this Court's dispositive decision, "a circuit justice or judge" must issue a certificate of appealability.  *See* 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a district court denies a habeas petition on

procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.*

Given that petitioner has yet to exhaust his claims nor shown that it would be futile to do so, the Court believes that no reasonable jurist would argue that petitioner should be granted habeas relief on his claims at this time. Accordingly, a certificate of appealability will not issue from this Court. *Davis v. Rapelje*, 33 F. Supp. 3d 849, 865 (E.D. Mich. 2014). However, if petitioner chooses to appeal the Court's decision, he may proceed *in forma pauperis* on appeal because an appeal could be taken in good faith. 28 U.S.C. § 1915(a)(3). *See Foster v. Ludwick*, 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002).

## IV.  CONCLUSION

For the foregoing reasons, the Court:

(1) SUMMARILY DISMISSES WITHOUT PREJUDICE the Petition for a

Writ of Habeas Corpus.

(2) DENIES petitioner a certificate of appealability.

(3) GRANTS petitioner leave to appeal *in forma pauperis.*

s/F. Kay Behm
F. Kay Behm
United States District Court Judge

Dated: March 8, 2023